UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GILBERT S. ESCALANTE, JR. and LISA E. ESCALANTE,<br><br>           Plaintiffs,<br><br>     v.<br><br>FEDERAL NATIONAL MORTGAGE ASSOCIATION; WELLS FARGO BANK, N.A.; BARRETT DAFFIN FRAPPIER TREDER & WEISS, LLP; and DOES 1 through 100, Inclusive,<br><br>           Defendants. | No.  2:16-cv-00430-JAM-KJN<br><br>**ORDER DENYING PLAINTIFFS' MOTION TO REMAND, DENYING PLAINTIFFS' MOTION FOR SANCTIONS, AND GRANTING DEFENDANTS' MOTION TO DISMISS** |

   This case arises from a lawsuit filed by plaintiffs Gilbert S. Escalante and Lisa E. Escalante ("the Escalantes") alleging various state statutory and common law violations in connection with the foreclosure of their home.  Defendants Federal National Mortgage Association ("FNMA"), Wells Fargo Bank, N.A. ("WFB"), Barrett Daffin Frappier Treder & Weiss, LLP ("Barrett Daffin") (collectively "Defendants") removed the case to federal court. The Escalantes now move to remand the case back to state court

and request that the Court impose sanctions against Defendants. Defendants move to dismiss all causes of action. For the reasons stated below, the Court denies the motion to remand and the motion for sanctions and grants the motion to dismiss.[1]

I. FACTUAL ALLEGATIONS AND PROCEDURAL BACKGROUND

The Escalantes are the owners and residents of the real property at 10055 Berryessa Drive, Stockton, California 95219 ("the Subject Property"). Compl. ¶ 2. In connection with their purchase of the Subject Property, the Escalantes executed a promissory note in the amount of $269,200 and a deed of trust in favor of Ohio Savings Bank. Id. ¶ 13. WFB subsequently purchased the promissory note from Ohio Savings Bank and became the assigned beneficiary under the deed of trust. Id. ¶¶ 14-16. On August 12, 2013, the Escalantes applied and received a Home Affordable Modification Agreement in the amount of $278,278.93. Id. ¶ 15. WFB recorded a Notice of Default on January 16, 2015. Id. ¶ 16. A notice of sale was issued by WFB on September 29, 2015, with a sale of the Subject Property scheduled for October 22, 2015. Id. ¶ 17. Barret Daffin was appointed trustee for the sale. Id.

After notice of default was issued, the Escalantes conferred with CalHFA Mortgage Assistance Corporation under its "Keep Your Home California" program. Id. ¶ 18. The Escalantes submitted to WFB two "Request for Assistance" forms provided by CalFHA, one on

---

[1] This motion was determined to be suitable for decision without oral argument. E.D. Cal. L.R. 230(g). The hearing was scheduled for June 28, 2016.

2

April 22, 2015, and another on September 1, 2015. Id. ¶¶ 18-19. After both of the submissions were ignored, the Escalantes called WFB and spoke to an authorized WFB representative. Id. ¶ 20. This representative allegedly told the Escalantes that the foreclosure sale would be postponed if the Escalantes completed a uniform borrower assistance package and paid a lien for past due homeowner's association fees. Id. ¶¶ 20-21. On October 18, 2015, the Escalantes paid the lien. Id. ¶ 21. And on October 21, 2015, the Escalantes transmitted a borrower assistance package to WFB. Id. ¶ 22. Despite complying with WFB's requests, Barret Daffin conducted a trustee's sale of the Subject Property on October 22, 2015, for $289,576.17, to FNMA. Id. ¶ 24. The Subject Property allegedly had an estimated market value of $340,000. Id. ¶ 25.

Following the foreclosure sale, the Escalantes filed for bankruptcy in the United States Bankruptcy Court for the Eastern District of California. Id. ¶ 26. The Escalantes did not list this lawsuit as an asset of the bankruptcy estate. Motion to Dismiss ("MTD") (Doc. #12) at 3; Defendants' Request for Judicial Notice ("D RJN") (Doc. #13), Ex. B. Defendants thereafter filed a motion for relief from bankruptcy stay, which the bankruptcy court granted on February 25, 2016. Compl. ¶ 26; MTD Opp. (Doc. #20) at 7.

The Escalantes initially filed this case in San Joaquin County Superior Court on January 25, 2016. Removal (Doc. #1), Exh. 2. The Escalantes allege the following nine causes of action: (1) to set aside trustee's sale; (2) to cancel trustee's deed under California Civil Code ("CCC") 3412; (3) to quiet

3

1   title; (4) breach of contract; (5) breach of the covenant of good
2   faith and fair dealing; (6) violation of California Business and
3   Professions Code section 17200; (7) intentional infliction of
4   emotional distress ("IIED"); (8) negligent infliction of
5   emotional distress ("NIED"); and (9) declaratory relief.  The
6   first, second, and sixth through ninth causes of action are
7   asserted against all defendants.  The third cause of action is
8   asserted against FNMA and DOEs 1 through 100.  The fourth and
9   fifth causes of action are asserted against WFB only.
10       Defendants removed the case to federal court on February 29,
11  2016, on the basis of federal question jurisdiction, 28 U.S.C. §
12  1331.  Following removal, FNMA and Wells Fargo filed the pending
13  motion to dismiss all causes of action (Doc. #11).  Defendant
14  Barrett Daffin joined the motion (Doc. #21), which was opposed by
15  the Escalantes (Doc. #20).  After Defendants' motion to dismiss
16  was filed, the Escalantes filed a motion to remand the case back
17  to state court (Doc. #16).  The remand motion is opposed by FNMA
18  and WFB (Doc. #22).  As part of their remand motion, the
19  Escalantes request that the Court impose sanctions on Defendants.
20  Motion to Remand ("MTR") at 8-9.  FNMA has also commenced
21  eviction proceedings via an unlawful detainer action filed in
22  California state court on April 19, 2016.  MTR at 2.
23
24                          II.   OPINION
25      A.   Judicial Notice
26      In support of their motion to dismiss, Defendants request
27  that the Court take judicial notice of the follow four exhibits:
28  (A) Trustee's Deed Upon Sale recorded in the Official Records of

4

San Joaquin County on November 5, 2015, as Document No. 2015-133273; (B) Gilbert S. Escalante, Jr. and Lisa E. Escalante's Summary of Schedules and Statements of Affairs as filed in the United States Bankruptcy Court Eastern District of California Case NO. 15-28717; (C) Assignment of Deed of Trust recorded in the Official Records of San Joaquin County on March 8, 2012, as Document No. 2012-028897; and (D) Gilbert S. Escalante, Jr. and Lisa E. Escalante's Motion to Convert Case from Chapter 13 to Chapter 7 as filed in the United States Bankruptcy Court Eastern District of California Case No. 15-28717 (Doc. #13). The Escalantes request that the Court take judicial notice of "statistical summary of schedules and Schedule A listing property as home at 10055 Berryessa Drive, Stockton CA 95219, value $340,000" that was apparently filed in the United States Bankruptcy Court Eastern District of California Case No. 15-28717 (Doc. #25). Neither party opposes taking judicial notice of any exhibit.

A court may take judicial notice of a fact that is not reasonably disputed if it "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(2). "[M]atters of public record" are appropriate for judicial notice. <u>Northstar Fin. Advisors Inc. v. Schwab Investments</u>, 779 F.3d 1036, 1042 (9th Cir. 2015). All of the exhibits submitted for judicial notice are not subject to reasonable dispute and are matters of public record. The Court therefore grants the motion for judicial notice of Defendants' Exhibits A, B, C, and D, and the Escalantes' Exhibit 1.

B.  Joinder

Barrett Daffin filed a motion of joinder to join defendants FNMA and WFB's motion to dismiss (Doc. #21).  Barrett Daffin requests that the Court allow Barrett Daffin to join in the motion to dismiss filed by FNMA and Wells Fargo so as to promote judicial economy and conserve judicial resources.  The Court will consider Barrett Daffin to have joined in FNMA and WFB's motion to dismiss in its entirety.  However, Barrett Daffin makes additional arguments in its joinder motion regarding why dismissal is appropriate as to Barrett Daffin.  These arguments are procedurally defective because they do not properly notice a hearing and are untimely for the hearing scheduled on June 28, 2016.  In fact, they were filed with the Court on the same day that the Escalantes filed their opposition (Doc. #20) to FNMA and WFB's motion to dismiss.  Thus, the Court has not considered any arguments made in Barrett Daffin's joinder.  The Court will however, for the sake of judicial economy, proceed as if Barrett Daffin joined in the original motion to dismiss.

C.  Analysis

1.  Remand Motion

The Escalantes argue that remand is required pursuant to the prior exclusive jurisdiction doctrine, which is described in Chapman v. Deutsche Bank Nat. Trust Co., 651 F.3d 1039 (9th Cir. 2011).  MTR at 4-5.  The prior exclusive jurisdiction doctrine holds that "[w]here concurrent proceedings in state and federal court are both suits in rem or quasi in rem, the court first assuming jurisdiction over the property may maintain and exercise that jurisdiction to the exclusion of the other."  Chapman, 651

1    F.3d at 1041 (citing Knaefler v. Mack, 680 F.2d 671, 675 (9th
2    Cir. 1982)).  The Escalantes contend that since this case was
3    initially filed in California state court, the state court
4    possesses prior jurisdiction over the Subject Property.  MTR at
5    6; Chapman, 651 F.3d at 1044 ("where the jurisdiction of the
6    state court has first attached, the federal court is precluded
7    from exercising its jurisdiction over the same res to defeat or
8    impair the state court's jurisdiction.").

9         The Escalantes' argument is without merit.  Though this case
10   was initially filed in state court, upon the filing of a petition
11   for removal, "the state court loses jurisdiction."  Resolution
12   Trust Corp. v. Bayside Developers, 43 F.3d 1230, 1238 (9th Cir.
13   1994).  As such, this Court obtained jurisdiction over the real
14   property at issue when Defendants removed this lawsuit to federal
15   court on February 29, 2016.  At that time, there were no pending
16   state court actions.  The only other state court action involving
17   the Subject Property is the unlawful detainer action filed by
18   Defendants on April 19, 2016, *after* this Court took jurisdiction
19   over this lawsuit.  This procedural history is in stark contrast
20   to Chapman, where the state court first asserted jurisdiction
21   over an unlawful detainer action *and then* the federal court
22   obtained jurisdiction over a quiet title action when the
23   defendants removed the quiet title action four months after the
24   unlawful detainer action was filed in state court.  Chapman, 651
25   F.3d at 1044; see also Montgomery v. Nat'l City Mortgage, 2012 WL
26   1965601, at *3 (N.D. Cal. May 31, 2012) (denying a motion to
27   remand on the basis of the prior exclusive jurisdiction doctrine
28   because the federal court first assumed jurisdiction over the

real property at issue when the defendants removed the state case to federal court). For these reasons, the motion to remand is denied.

### 2. Sanctions

The Escalantes request that the Court impose sanctions on Defendants because "there is just no nonfrivolous, objectively reasonable set of facts that have been disclosed to the court by defendants, or by the documents filed to support the notice, to justify removal." MTR at 9. Given that removal was proper, the request for sanctions is denied. Additionally, the Escalantes did not properly seek sanctions in a separate motion and did not provide Defendants with a safe harbor period. Fed. R. Civ. P. 11(c). The motion for sanctions is denied for this reason as well.

### 3. Motion to Dismiss

#### a. Timeliness of Motion

As a preliminary matter, the Escalantes contend that the Court should deny Defendants' motion to dismiss because it was untimely under Federal Rule of Civil Procedure ("Rule") 81(c)(2). Opp. at 4. Defendants did not respond to this argument.

Rule 81(c)(2) states that "[a] defendant who did not answer before removal must answer or present other defenses or objections under these rules within the longest of these periods: (A) 21 days after receiving--through service or otherwise--a copy of the initial pleading stating the claim for relief; (B) 21 days after being served with the summons for an initial pleading on file at the time of service; or (C) 7 days

8

after the notice of removal is filed." Removing defendants are required to supply this Court with copies of all pleadings filed in the state court. 28 U.S.C. § 1441(b).

Here, Defendants had not answered the complaint before removal. Removal, Exh. 2. As such, Defendants were required to abide by Rule 81(c)(2). Removal was noticed on February 29, 2016 (Doc. #1). Given that the longest of the three periods identified in Rule 81(c)(2) was seven days after the notice of removal was filed, Defendants were required to submit an "answer or other defenses or objections" by March 7, 2016. Defendants filed their motion to dismiss on March 10, 2016 (Doc. #3). The Escalantes therefore claim that "[s]ince FNMA did not timely file its motion to dismiss or other response, it is in default. Plaintiffs have not waived the default." Opp. at 4.

But the Escalantes have not filed any motion for an entry of default against Defendants. Rule 55 requires a party seeking default judgment to apply to the clerk of the court for entry of default and then request that the court issue a default judgment. A four line paragraph embedded in the "Statement of Facts" section of an opposition to a motion to dismiss does not meet the requirements of Rule 55. In a case nearly identical to this one, a district court refused to deny the defendant's motion to dismiss for violating Rule 81(c)(2) by filing a motion to dismiss a removed action more than seven days after the case was removed to federal court. Benton v. Moreno-Benton, 2015 WL 2380745, at *7 (C.D. Cal. May 18, 2015). Since the plaintiffs in Benton had not requested entry of default or a default judgment, the Court refused to treat the defendants as having defaulted. Id. Had

9

the Escalantes properly requested entry of default and default judgment, Defendants would have been permitted to at least attempt to justify their delay.  See, e.g., Speiser, Krause & Madole P.C. v. Ortiz, 271 F.3d 884 (9th Cir. 2001).  For these reasons, the Court finds that Defendants have not defaulted and denies the Escalantes' request not to consider the motion to dismiss on the merits.

### b. Judicial Estoppel

Defendants move to dismiss all of the causes of action on the basis of judicial estoppel.  Defendants argue that the Escalantes did not list the claims for relief that form the basis of this lawsuit as assets of the bankruptcy estate.  MTD at 5.  According to Defendants, Ninth Circuit case law on judicial estoppel bars the Escalantes from asserting the claims in this case when they have not scheduled the claims as assets in their bankruptcy case.  Id. (citing Hamilton v. State Farm Fire & Cas. Co., 270 F.3d 778, 781 (9th Cir. 2001)).  In opposition, the Escalantes argue that Defendants have failed to meet their burden to prove the elements required to apply judicial estoppel and that the Escalantes actually disclosed their claims to the bankruptcy court when they filed a motion for relief from the bankruptcy stay.  MTD Opp. at 5-8.

"Judicial estoppel is an equitable doctrine that precludes a party from gaining an advantage by asserting one position, and then later seeking an advantage by taking a clearly inconsistent position." Hamilton, 270 F.3d at 782.  The judicial estoppel doctrine can be invoked at the court's discretion to "protect the integrity of the judicial process by prohibiting parties from

10

deliberately changing positions according to the exigencies of the moment." New Hampshire v. Maine, 532 U.S. 742, 743 (2001). In the context of bankruptcy, the Ninth Circuit has held that a party is judicially estopped from bringing claims that it did not raise in a debtor's schedule, reorganization plan, or disclosure statements. Hamilton, 270 F.3d at 783 (citing Hay v. First Interstate Bank of Kalispell, N.A., 978 F.2d 1033, 1037 (9th Cir. 1992)). Federal courts in the Eastern District of California have adopted a basic default rule: "[i]f a plaintiff-debtor omits a pending (or soon-to-be-filed) lawsuit from the bankruptcy schedules and obtains a discharge (or plan confirmation), judicial estoppel bars the action." Garcia v. Standard Ins. Co., 2015 WL 1814327, at *1 (E.D. Cal. Apr. 21, 2015) (citing Ah Quin v. Cnty. Of Kauai Dep't of Transp., 733 F.3d 267, 271 (9th Cir. 2013)).

In the bankruptcy context, the Ninth Circuit has adopted at least three factors courts should consider to determine whether judicial estoppel is appropriate, including: 1) whether a party's later and earlier positions are clearly inconsistent; 2) whether a party succeeded in persuading a bankruptcy court to accept its earlier position; and 3) whether the party seeking to assert the inconsistent position obtained an unfair advantage. Ah Quin, 733 F.3d at 271. Other considerations may also inform the doctrine's application, such as "inadvertent" or "mistaken" omission. Id. at 276-278 (broadly interpreting "inadvertence" and "mistake"); Jones-Riley v. Hewlett Packard Co., 2015 WL 300703 at *5 (E.D. Cal. Jan. 21, 2015) (finding that the plaintiff's omission was not inadvertent because she had previously filed those claims

with the EEOC).

With respect to the first part of the judicial estoppel doctrine, the Escalantes' present lawsuit is inconsistent with their bankruptcy schedules.  Estoppel has been applied when a plaintiff had enough facts to know of a potential claim yet fails to amend her bankruptcy schedules or otherwise identify the claim as an asset.  Hamilton, 270 F.3d at 784.  There is a duty to report a claim when a cause of action is complete with all its elements.  Jones-Riley, 2015 WL 300703 at *3.

Here, the Escalantes' claims existed at the time of filing for bankruptcy.  The nine claims alleged by Plaintiffs were based upon a foreclosure sale that occurred on October 22, 2015, and purported conversations prior to that day.  Compl. ¶¶ 19-25.  The Escalantes filed for Chapter 13 bankruptcy eighteen days after the foreclosure sale.  Id. ¶ 26.  Yet these claims are omitted from the Summary of Schedules.  Defs' RJN, Ex. B; Pls' RJN, Ex. 1.  The fact that the Escalantes filed the present claims after filing for bankruptcy is of no consequence.  Hamilton, 270 F.3d at 784 (finding judicial estoppel applicable where the plaintiff filed discrimination claims one year after bankruptcy).  Though Plaintiffs allege that they disclosed their claims to the bankruptcy court during Defendants' successful motion for relief from bankruptcy stay, they do not submit any evidence that substantiates this assertion.  The Court therefore finds that the Escalantes' attempt to bring forth the claims in this action is inconsistent with their bankruptcy proceedings.

The second element of judicial estoppel is also satisfied because the bankruptcy court accepted the Escalantes' schedules

when it granted Defendants relief from the bankruptcy stay.  A bankruptcy court need not discharge the debts for this element to be satisfied.  <u>Hamilton</u>, 270 F.3d at 784.  The bankruptcy court may rely on the debtor's nondisclosure of potential claims in other ways, such as approving a plan of reorganization or lifting a stay based partly on the nondisclosure.  <u>Id.</u> (citing <u>In re Coastal Plains</u>, 179 F.3d 197 (5th Cir. 1999) (finding judicial acceptance when a bankruptcy court lifted a stay based on the debtor's nondisclosure in its bankruptcy schedules)).  Here, as the Escalantes concede, the Defendants successfully motioned for relief from a bankruptcy stay.  Compl. ¶ 26; Opp. at 7.  Relief from a bankruptcy stay has been deemed sufficient for the application of judicial estoppel.  <u>Hamilton</u>, 270 F.3d at 785 (noting that a bankruptcy court relied on the plaintiff's omissions when he obtained both an automatic stay and a debt discharge); <u>In re Coastal Plains</u>, 179 F.3d at 210. Thus, based on the Escalates' own admissions, the Court concludes that the bankruptcy court relied upon the incomplete schedules.

    Finally, it is clear that omitting the claims on the bankruptcy schedules provided an unfair advantage.  Because a bankruptcy court evaluates a debtor's potential assets, omitting such claims deceives the bankruptcy court and a debtor's creditors.  <u>Hamilton</u>, 270 F.3d at 785.  An unfair advantage can exist when a debtor represents that no claims exist, and then subsequently alleges that claims exist for their personal benefit.  <u>Id.</u>  Allowing the Escalantes to proceed without disclosing their claims provides them with an unfair advantage.

    The Escalantes have not updated this Court on the status of

13

their bankruptcy proceedings, submitted notifications of any schedule amendments, or made any allegations that their omissions were inadvertent or mistaken.  Application of judicial estoppel ensures "the orderly administration of justice and regard for the dignity of judicial proceedings" and protects against litigants "playing fast and loose with the courts."  Hamilton, 270 F.3d at 782.  Since the interests of creditors and the courts would be impaired, the Court determines that judicial estoppel is applicable in this case.  Accordingly, the Escalantes are judicially estopped from pursuing claims against Defendants, and no other issues in the motion to dismiss need to be addressed.

    D.    Sanctions

The Court issued its Order re Filing Requirements for Cases Assigned to Judge Mendez ("Order") on February 29, 2016 (Doc. #2-2).  The Order requires that memoranda in opposition to motions to dismiss be limited to fifteen pages and that reply memoranda in support of a motion to dismiss be limited to five pages.  The Order also states that violations of the page limit will result in the imposition of monetary sanctions against counsel in the amount of $50.00 per page and that the Court will not consider any arguments made past the page limit.  The Escalantes' opposition memorandum (Doc. #20) is twenty pages long and Defendants' reply memorandum (Doc. #23) is eight pages long.  As such, the Court imposes sanctions against counsel for the Escalantes in the amount of $250.00 and against counsel for the Defendants in the amount of $150.00.  The Court has not considered any arguments made after page fifteen of the Escalantes' opposition and page five of Defendants' reply.

## III.  ORDER

For the reasons set forth above, the Court DENIES the Escalantes' motion to remand, DENIES the Escalantes' motion for sanctions, and GRANTS WITH PREJUDICE Defendants' Motion to Dismiss.  Counsel for the Escalantes is ordered to pay $250.00 and counsel for Defendants is ordered to pay $150.00 in sanctions to the Clerk of the Court within five days of the date of this Order.

IT IS SO ORDERED.

Dated: August 4, 2016

_____
JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE